IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY LAWRENCE, SR., | : | |
|     Petitioner | : | |
| | : | No. 1:22-cv-00595 |
| v. | : | |
| | : | (Judge Rambo) |
| WARDEN E. BRADLEY, | : | |
|     Respondent | : | |

## MEMORANDUM

Pro se Petitioner Troy Lawrence, Sr. ("Petitioner") has commenced the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241"), as well as a supporting memorandum of law. (Doc. Nos. 1, 2.) He asserts that the Federal Bureau of Prisons ("BOP") has wrongfully denied him prior custody credit for time spent in state custody. (Id.) For the reasons set forth below, the Court will dismiss the Section 2241 petition based upon Petitioner's failure to fully exhaust his administrative remedies. In addition, the Court will deny, as moot, Petitioner's pending motion to expedite these habeas proceedings. (Doc. No. 11.)

I.   BACKGROUND

Petitioner is serving a three-hundred (300) month term of imprisonment imposed by the United States District Court for the Northern District of Illinois for narcotics conspiracy and use of a firearm in relation to a drug offense. (Doc. No. 9-1 at 3, ¶ 3.) According to BOP documentation submitted by Respondent, Petitioner

entered BOP custody on August 3, 2006 (id. at 8), and his projected release date, via good conduct time, is August 2, 2023 (id. at 3, ¶ 3).

On April 22, 2022, while Petitioner was incarcerated at United States Penitentiary Canaan in Waymart, Pennsylvania ("USP Waymart"), he filed his Section 2241 petition (Doc. No. 1), supporting memorandum of law (Doc. No. 2), and exhibits (Doc. Nos. 2-1; 2-2). He subsequently paid the requisite filing fee in this matter. (Doc. No. 5.) In response, the Court, inter alia, deemed the petition filed, directed service of the petition on Respondent, and instructed Respondent to respond to the allegations in the petition within twenty (20) days. (Doc. No. 7.)

On June 9, 2022, Respondent filed a response, asserting that the Section 2241 petition should be dismissed because Petitioner did not exhaust his administrative remedies before petitioning this Court and, alternatively, because Petitioner is not entitled to the prior custody credit that he seeks herein. (Doc. No. 9.) On July 5, 2022, Petitioner filed a reply (Doc. No. 10) and thereafter filed a motion to expedite these habeas proceedings (Doc. No. 11).

Thus, the instant Section 2241 petition, which has been fully briefed by the parties, is ripe for the Court's resolution.

## II. DISCUSSION

Generally speaking, Section 2241 confers federal jurisdiction over a habeas petition that has been filed by a federal inmate who challenges "not the validity but the execution of his sentence." See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (citations and footnote omitted); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (stating that Section 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas"). While "the precise meaning of 'execution of the sentence' is hazy[,]" see id. at 242, the United States Court of Appeals for the Third Circuit ("Third Circuit") has defined this phrase to mean "put into effect" or "carry out." See id. at 243 (citation and internal quotation marks omitted).

As a result, a federal inmate may challenge conduct undertaken by the BOP that affects the duration of the inmate's custody. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (finding that a federal inmate's petition is actionable under Section 2241, where the inmate attacks the term of his custody by challenging the manner in which the BOP is computing his federal sentence); United States v. Vidal, 647 F. App'x 59, 60 (3d Cir. 2016) (unpublished) (stating that, "[b]ecause [the federal inmate's] claim challenges the BOP's calculation of sentence credits, it is appropriately addressed in a petition for a writ of habeas corpus pursuant to [Section] 2241" (citation omitted)).

3

As such, Petitioner's claim that the BOP wrongfully denied him prior custody credit for time spent in state custody from September 28, 1995, to February 23, 1996, is properly brought pursuant to the provisions of Section 2241. (Doc. Nos. 1, 2.) However, even if properly brought pursuant to those provisions, Petitioner was still required to exhaust his administrative remedies before petitioning this Court for federal habeas corpus relief. For the reasons discussed below, the Court agrees with Respondent that Petitioner failed to do so with respect to his instant claim.

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to [Section] 2241." See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." See Moscato, 98 F.3d at 761-62 (citations omitted); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served. See id. (citations omitted); Coleman v. U.S. Parole Comm'n, 644 F. App'x 159, 162 (3d Cir. 2016) (unpublished). "For example, exhaustion may be excused where it 'would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm.'" See Brown v. Warden Canaan USP, 763 F. App'x 296, 297 (3d Cir. 2019) (unpublished) (quoting Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988)).

In order to exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations. See generally 28 C.F.R. §§ 542.10-542.19. Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member. See id. §§ 542.13-542.14. If the inmate is not satisfied with the Warden's response, the inmate shall then submit an appeal to the Regional Director, using the appropriate form. See id. § 542.15(a). And, finally, if the inmate is not satisfied with the Regional Director's response, then the inmate shall submit an appeal to the Office of the General Counsel, located in the BOP

Central Office, using the appropriate form.  See id.  An inmate is not deemed to have exhausted his administrative remedies until his complaint has been pursued at all levels.  See id. (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

     Here, the record reflects that, although Petitioner has filed numerous administrative remedies during his incarceration with the BOP, only one of those remedies concerns his request for the BOP to apply prior custody credit to his current federal sentence.  (Doc. No. 9-1 at 11-24.)  More specifically, on March 1, 2022, Petitioner filed administrative remedy 1111827-F1, seeking application of such credit.  (Id. at 3, ¶ 4; id. at 22, 30.)  This filing was rejected on March 1, 2022, for Petitioner's failure to sign the administrative remedy, but Petitioner was given five (5) days to refile his request.  (Id. at 30.)

     On March 9, 2022, Petitioner filed administrative remedy 1111827-F2.  (Id. at 3, ¶ 5; id. at 27.)  This filing was denied on March 23, 2022.  (Id. at 26.)  Petitioner appealed that denial to the Regional Director on April 8, 2022, with a response due from BOP officials on June 7, 2022—a date that is, approximately, six (6) weeks after he filed the instant Section 2241 petition.  (Id. at 3, ¶ 6.)  In other words, Petitioner filed his petition in this Court prior to fully exhausting his administrative remedies with the BOP.

6

Petitioner concedes his failure to exhaust, but argues that exhaustion "is not required when the issue involves only statutory construction, and exhaustion would be futile." (Doc. No. 1 at 3 (internal quotation marks omitted).) In addition, Petitioner argues that exhaustion should be excused because, if the Court granted his petition concerning his request for prior custody credit, then he would be entitled to immediate release from BOP custody and, thus, requiring him to fully exhaust his administrative remedies would cause him irreparable harm. (Doc. No. 2 at 3.) And, finally, Petitioner generally asserts that the Court "should dispense with the discretionary prerequisite of administrative remedies in this case." (Id. at 2-3.)

The Court, however, is unpersuaded by Petitioner's arguments. As discussed above, while there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to [Section] 2241." See Moscato, 98 F.3d at 760; Callwood, 230 F.3d at 634. As a result, the Court cannot simply "dispense" with Petitioner's obligation to fully exhaust his administrative remedies before petitioning this Court for federal habeas corpus relief.

7

In addition, the Court finds, contrary to Petitioner's arguments, that his instant claim is not a matter "only" of "statutory construction[.]" (Doc. No. 1 at 3). Rather, his claim requests that the Court order the BOP to apply a specific amount of prior custody credit to his current federal sentence for the time he spent in state custody between September 28, 1995, and February 23, 1996. (Id. at 3, 6; Doc. No. 2 at 2, 4; Doc. No. 10 at 4.) Moreover, in connection with the parties' briefing concerning whether Petitioner is entitled to such credit under 18 U.S.C. § 3585, the parties sharply dispute the "date of offense" for Petitioner's subject federal conspiracy offense. (Doc. Nos. 9, 10.) As such, these disputed issues do not pertain purely to statutory construction.

Furthermore, the Court finds that Petitioner has not alleged any specific facts from which the conclusion could be drawn that the administrative remedy procedure is inadequate to prevent irreparable harm or is inadequate to adjudicate his claim concerning his request for prior custody credit. At most, Petitioner argues that he should be excused from fully exhausting his administrative remedies because requiring him do so would, essentially, result in him being released later than the date he would be entitled to release if the Court simply granted his request to order the BOP to apply his prior custody credit to his federal sentence. (Doc. No. 2 at 3.) This argument, however, does not provide a basis to excuse exhaustion. See, e.g., Greene v. Spaulding, No. 22-cv-01726, 2023 WL 3372375, at *2 (M.D. Pa. Apr. 26,

2023) (concluding that the Section 2241 petitioner had failed to show irreparable harm as a basis for excusing administrative exhaustion, where he argued that the denial of his claim at the administrative level would result in him being released later than the date he would be entitled to release if he were granted habeas relief); Rodriguez v. Sage, No. 22-cv-02053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (explaining that "district courts within the Third Circuit have repeatedly rejected the argument that an inmate can be excused from the exhaustion requirement simply because his projected release date is approaching, and he may not complete his administrative appeal before the release date" (collecting cases)); Ramirez v. Sage, No. 22-cv-00638, 2022 WL 2318693, at *2 (M.D. Pa. June 28, 2022) (rejecting the Section 2241 petitioner's argument that requiring him to exhaust his administrative remedies "would subject him to irreparable harm because the delay would result in him being incarcerated beyond the date he should be released" (citation omitted)).

Finally, because Petitioner's instant claim requests that the Court order the BOP to apply prior custody credit to his current federal sentence, the Court finds that Petitioner must first fully exhaust this request so that BOP officials can determine whether he is eligible for such credit. This finding is consistent with the aims underlying the exhaustion requirement. See Moscato, 98 F.3d at 761-62 (explaining that exhaustion is required because, among other things, it provides "agencies the

9

opportunity to correct their own errors[,]" thereby fostering "administrative autonomy" (citations omitted)); Bradshaw, 682 F.2d at 1052 (explaining that the Third Circuit has "adhered to the exhaustion doctrine for several reasons[,]" including "administrative autonomy[, which] requires that an agency be given an opportunity to correct its own errors" (citations and internal quotation marks omitted)).

Thus, the Court concludes that, because Petitioner did not fully exhaust his administrative remedies before petitioning this Court, and because no exception to the exhaustion requirement applies here, Petitioner's Section 2241 petition is subject to dismissal.[1]

---

[1] To the extent that the BOP's administrative remedy process is no longer available to Petitioner, the Court notes that he has not argued, much less shown, cause for his procedural default.  That is, Petitioner has not shown that some objective, external factor hindered his efforts to comply with the BOP's administrative remedy process. See Moscato, 98 F.3d at 760-62 (stating that, "if a prisoner has failed to exhaust his administrative remedies due to a procedural default and the default renders unavailable the administrative process, review of his habeas claim is barred unless he can demonstrate cause and prejudice" (citation omitted)); Murray v. Carrier, 477 U.S. 478, 488 (1986) (explaining that the existence of cause turns on whether a petitioner can show that some objective, external factor impeded his efforts to comply with the BOP's administrative remedy process).  And, because Petitioner has not shown such cause, the Court need not address the issue of prejudice.

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2241 petition. (Doc. No. 1.) In addition, the Court will deny his pending motion to expedite these habeas proceedings as moot. (Doc. No. 11.) An appropriate Order follows.

s/ Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: June 15, 2023